01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL HOWARD HUNTER,       )
                             )
          Petitioner,        )   Case No.  C05-MC-132-JPD
                             )
     v.                      )
                             )
COMMUNITY PSYCHIATRIC CLINIC,)   ORDER DENYING APPLICATION
et al.,                      )   TO PROCEED IN FORMA PAUPERIS
                             )
          Respondents.       )
_____ )

I.  INTRODUCTION

On May 25, 1990, the Honorable John C. Coughenour, issued an order (the "Bar Order"), which requires the Court to deny requests by Michael Howard Hunter to proceed in forma pauperis ("IFP"), unless he shows "good cause to the Court's satisfaction as to why [he] should be permitted to sue on a particular cause of action at public expense." *See Hunter v. Aldridge*, C90-616C, Dkt. No. 7.  This matter comes before the Court upon Mr. Hunter's attempt to obtain IFP status in the above-captioned case.  Because Mr. Hunter has failed to show good cause as to why he should be allowed to proceed IFP, the Court DENIES his request.  Dkt. No. 1.

ORDER DENYING APPLICATION
TO PROCEED  IN FORMA PAUPERIS
PAGE -1

01

## II.  BACKGROUND

02          On August 9, 2005, Mr. Hunter submitted an application to proceed IFP and a

03   "proposed petition for writ of mandamus."  Dkt. No. 1.  Mr. Hunter appears to argue that he

04   was entitled to certain Social Security payments and that Community Psychiatric Clinic

05   ("CPC") and the Social Security Administration erroneously withheld and diverted portions of

06   those payments.[1]  Dkt. No. 1.  He has subsequently filed several other motions related to this

07   matter.  *See* Dkt. Nos. 2-6, 8-12.  Pursuant to the Bar Order, the Court ordered Mr. Hunter to

08   show good cause by September 23, 2005, as to why he should be permitted to bring this suit

09   at public expense.  Dkt. No. 7.

10          On September 23, 2005, Mr. Hunter filed a "Response to Order to Show Cause and

11   Motion for Recusal."  Dkt. No. 13.  Mr. Hunter relies upon *De Long v. Hennessy*, 912 F.2d

12   1144 (9th Cir. 1990), to argue that the Bar Order is unconstitutional, because he was not

13   given notice and an opportunity to oppose it before it was entered.  *Id*. at 2.  He does not

14   address the substantive merits of his claim against CPC.

15

## III.  DISCUSSION

16          District courts have the inherent power to issue pre-filing orders against vexatious

17   litigants with long histories of abusive litigation, but such orders are an extreme remedy that

18   should be issued with caution.[2]  *See De Long,* 912 F.2d at 1147.  Courts should consider at

19   _____

20          [1]It appears that Mr. Hunter attempted to bring a nearly identical suit in February 2004.
     *See* Case Nos. 04-MC-11; C04-347.  In that case, Chief Judge Lasnik found that Mr. Hunter's
21   challenge to the Bar Order was untimely, and issued a judgment in favor of the defendant.
     Dkt. Nos. 5, 31-32.  A motion to vacate the judgment is still pending.
22

23          [2]Such bar orders may enjoin litigants from filing suit unless they first meet certain
     requirements, such as obtaining leave of the court or filing declarations that support the
24   merits of the case.  *See e.g., De Long*, 912 F.2d at 1146-47; *O'Loughlin v. Doe,* 920 F.2d 614,
     616 (9th Cir. 1990) (requiring vexatious pro se inmate to show good cause before being
25   permitted to file future actions); *Moy v. United States,* 906 F.2d 467, 469 (9th Cir.1990)
     (forbidding pro se plaintiff from filing further complaints without approval of court).
26

ORDER DENYING APPLICATION
TO PROCEED  IN FORMA PAUPERIS
PAGE -2

01 least four factors before issuing a pre-filing order against a vexatious litigant. First, the Court

02 must provide notice of the proposed order to the litigant and afford him an opportunity to

03 oppose it. *Id.* Second, the Court must develop a record which demonstrates that the litigant's

04 activities were "numerous and abusive." *Id.* Third, the Court must make substantive findings

05 of frivolousness or harassment. *Id.* at 1148. Finally, the Court must tailor the order narrowly

06 to fit the circumstances. *Id.* In light of these factors, Mr. Hunter has failed to show that the

07 Bar Order at issue here is improper.

08         A.     Notice.

09         Due Process requires that a vexatious litigant be given adequate notice that a pre-filing

10 order may be entered against him, and an opportunity to oppose it. *De Long*, 912 F.2d at

11 1147 (internal citations omitted). Though it is not entirely clear from the record whether Mr.

12 Hunter was given advance notice, the Bar Order has been in effect for approximately fifteen

13 years. Moreover, it appears that Mr. Hunter has unsuccessfully challenged the Bar Order's

14 validity in this Court at least twice before. *See* Case Nos. 03-MC-157, Dkt. No. 2; C04-347,

15 Dkt. No. 5. Hence, although there may be some question as to whether Mr. Hunter was given

16 advance notice of the Bar Order, his failure to appeal timely means that the decisions are now

17 final. *Demos v. United States Dist. Ct. for Eastern. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th

18 Cir. 1991); Fed. R. App. P. 4(a). In addition, as discussed below, the Bar Order satisfies *De*

19 *Long's* other criteria.

20         B.     Adequate Record for Review.

21         For a pre-filing order to be valid, the Court must also provide a record adequate for

22 review. *De Long*, 912 F.2d at 1147. A record satisfies this requirement when it shows that

23 the litigant's activities were "numerous or abusive." *Id.* The Bar Order at issue here met this

24 standard by indicating that, at the time, Mr. Hunter had submitted at least five other

25 complaints that had "no basis upon which the Court [could] perceive any meritorious claims."

26

ORDER DENYING APPLICATION
TO PROCEED  IN FORMA PAUPERIS
PAGE -3

01  Case No. C90-616, Dkt. No. 7.  It also indicated that Mr. Hunter had sent abusive letters and

02  other documents to several other judges.  *Id.*  Indeed, the Bar Order references a variety of

03  malicious and vexatious documents Mr. Hunter had sent to the Court, including a "Maggot of

04  the Year Award" for United States Magistrate Judge Phillip Sweigert.  Case No. C90-616,

05  Dkt. No. 7.  The Court also noted that Mr. Hunter had been convicted of threatening to

06  assault two district judges in the Western District of Washington.  *Id.*  These references

07  provide an adequate record of some of the many abusive filings Mr. Hunter made with the

08  Court.

09       The Court notes that, since then, Mr. Hunter has continued his practice of filing

10  malicious and vexatious documents.  Since the issuance of the Bar Order, Mr. Hunter has

11  been the named plaintiff in more than a dozen other suits in this district.  In his most recent

12  suit, he has filed documents accusing the Honorable Judges Lasnik, Coughenour, and Zilly of

13  being "crooked" and "maggots."  Case No. 05-MC-149, Dkt. No. 2.  He also accuses several

14  district and magistrate judges of conspiring with Judge Coughenour to violate the law by

15  enforcing the Bar Order.  Dkt. No. 1.  These findings demonstrate that Mr. Hunter's filings

16  have been, and continue to be, numerous and abusive.

17       C.    Substantive Findings.

18       The third *De Long* factor requires the Court to make substantive findings regarding

19  the frivolous or harassing nature of a litigant's filings.  *De Long,* 912 F.2d at 1148.  To do so,

20  the Court must look at "both the number and content of the filings[.]"  *Id.*  As described

21  above, Mr. Hunter has a long history of frivolous, harassing, and in some cases threatening,

22  action.  The Bar Order thus satisfies this criteria.

23       D.    Breadth.

24       The final *De Long* factor is that a pre-filing order "must be narrowly tailored to

25  closely fit the specific vice encountered."  *De Long*, 912 F.2d at 1148.  The purpose of this

26

ORDER DENYING APPLICATION
TO PROCEED  IN FORMA PAUPERIS
PAGE -4

01 limitation is to ensure the litigant's right to access the courts.  *Id.* (internal citations omitted).

02 In this case, the Bar Order is sufficiently narrow in light of the specific problems posed by

03 Mr. Hunter's litigation.  As the Bar Order indicated, Mr. Hunter's litigation was a burden on

04 the Court, because it presented a large volume of frivolous and malicious suits.  Case No.

05 C90-616, Dkt. No. 7.  The Bar Order therefore requires him to show good cause as to why

06 any given suit should be permitted to go forward at public expense.  *Id.*  This requirement did

07 not foreclose Mr. Hunter's access to the Courts and was not overly broad in light of his past

08 (and subsequent) filings.  Rather, it provided Mr. Hunter with an opportunity to provide the

09 Court with a reason for why any particular case should proceed at public expense.  *See*

10 *Franklin v. Murphy*, 745 F.2d 1221, 1231-32 (9th Cir. 1984) (indicating that a vexatious

11 litigant must be given an opportunity to make a showing that limitations on his ability to file

12 suit are prejudicial).  Thus, in light of Mr. Hunter's history and the nature of his complaints,

13 the Bar Order is not overbroad.

IV.  CONCLUSION

15        For the reasons discussed above, the Court finds that Mr. Hunter has failed to show

16 good cause as to why he should be permitted to bring this suit at public expense.  The Court

17 therefore DENIES him IFP status.  Mr. Hunter shall have fourteen (14) days from the date of

18 this Order to pay the filing fee for this matter or the case shall be dismissed.

19        DATED this 3rd day of October, 2005.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING APPLICATION
TO PROCEED  IN FORMA PAUPERIS
PAGE -5